UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20494-CR-Scola

UNITED STATES OF AMERICA,

          Plaintiff,

vs.

JONATHAN VASQUEZ et al.,

          Defendant.

_____/

**OBJECTIONS TO PRESENTENCE**
**INVESTIGATION REPORT**

      Defendant, JONATHAN VASQUEZ, by and through undersigned counsel pursuant to U.S.S.G. §6A1.2(b), Fed. R. Crim. P. 32(f), and the due process clause of the Fifth Amendment to the United States Constitution, respectfully files the following objections to the Presentence Investigation Report (hereinafter PSI):

      **Page 3:**    Mr. Vasquez objects because he is not a Colombian citizen (national). He is a citizen (national) of Dominican Republic. He is not known by the alias "Jonathan Franckin Lara-Vasquez". He was born on April 18, 1993 not 1998.

      **Paragraph 14:**    Mr. Vasquez objects to the PSI's failure to recommend a reduction for his minor role in the offense pursuant to U.S.S.G. §3B1.2. His role is comparable to that of a courier who had no ownership interest in the narcotics and played no part in the planning of the offense. He was giving very limited information regarding the overall scheme of the operation. Mr. Vasquez did not act as the "captain" of the vessel and had no decision-making authority. He simply

followed orders.

As recognized in the Indictment, Mr. Vasquez conspired with codefendants Ruben Pushiana, Wilfredo Robles, and many "other persons known and unknown to the Grand Jury" to transport 400 kilograms of cocaine from Colombia to the Dominican Republic. DE 8. The "other persons known and unknown to the Grand Jury" include: (1) the owners of the drugs; (2) the owners of the vessel(s); (3) the organizers of the multiple transportations that make it possible for the cocaine to reach the port and be loaded onto a vessel; (4) the refueling boats; (5) those aboard the receiving vessel and presumably those on land directing the receipt; (6) those responsible for the ultimate distribution of the drugs; and (7) the individuals that recruit the crew members, such as Mr. Vasquez, in Dominican Republic and transport them to Colombia.

Although Mr. Vasquez performed an *essential* function in the conspiracy, operations such as this require many moving parts and as such the Sentencing Commission reminds courts that *essential* does not equal *undeserving* of a minor role adjustment. Indeed, in 2015 the Sentencing Commission substantially amended the mitigating role section of the sentencing guidelines in an effort to make it more accessible to conspirators such as Mr. Vasquez.

Specifically, U.S.S.G. §3B1.2 Application Note 3(A) states that:

"a defendant who is convicted of a drug trafficking offense, whose participation in that offense was limited to transporting or storing drugs and who is accountable under §1B1.3 only for the quantity of drugs the defendant personally transported or stored may receive an adjustment under this guideline."

2

The intent of the Commission in making this change was to prevent courts from being "discouraged" from applying a role reduction for transporters such as Mr. Vasquez whose role was "limited to transporting … drugs" and who are held accountable only for the quantity of drugs they transport.

In determining whether to apply a mitigating role adjustment, the Guidelines direct courts to consider the following list of non-exhaustive factors:

(i)    the degree to which the defendant understood the scope and structure of the criminal activity;

(ii)    the degree to which the defendant participated in planning or organizing the criminal activity;

(iii)    the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv)    the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v)    the degree to which the defendant stood to benefit from the criminal activity.

The Guidelines go on to state that a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under the guideline. U.S.S.G. §3B1.2 - Application Note (C).

Mr. Vasquez can be likened to a courier whose conduct and characteristics fit squarely within the guideline's admonition, in comparison to both indicted and unindicted co-conspirators. See *United States vs. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999)(en banc)(holding the court must measure the defendant's role

against the relevant conduct he is held accountable for, as well as other discernible participants in the relevant conduct)[1]. Mr. Vasquez had no decision-making authority in this scheme, as his job was simply to be a crew member in the boat used to take the drugs from point A to point B. He did not have any communication with other co-conspirators on shore. Based on his strictly limited role in this offense, Mr. Vasquez should receive a minor role downward adjustment pursuant to U.S.S.G. §3B1.2(b).

**Paragraph 18:**    Mr. Vasquez objects because he should qualify for safety-valve relief under U.S.S.G. §5C1.2 and 18 U.S.C. §3553(f). Specifically, in addition to meeting all the other criteria as acknowledged in the PSI at paragraph 18, Mr. Vasquez has provided the government with all the details of his participation in the conspiracy. The government has not asked for additional information or questioned the truthfulness of the information Mr. Vasquez provided. Mr. Vasquez also remains available to answer any other questions the government may have. Accordingly, Mr. Vasquez should receive a two-level reduction under U.S.S.G. § 2D1.1(b)(18) and, in accordance with U.S.S.G. §5C1.2(a), the Court is able to impose a sentence without regard to any statutory minimum sentence.

**Paragraph 28:**    Mr. Vasquez objects because once the minor role and safety valve adjustments are applied, the total adjusted offense level should be 26 as computed below:

---

[1] The Court should note that *United States vs. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999) was decided sixteen years before the Sentencing Commission substantially amended the mitigating role section in 2015.

| | |
|---|---|
| Base Offense level for 400 kilograms of cocaine | 36 |
| Amended Base Offense level: 2D1.1(a)(5) | -3 |
| Adjustment for Minor Role in the Offense under §3B1.2(b) | -2 |
| Decrease under §2D1.1(b)(18) Safety Valve | -2 |
| Decrease under §3E1.1 for Acceptance of Responsibility | <u>-3</u> |
| Total Offense Level | 26 |

With a total offense level of twenty-six (26) and a criminal history category of I, Mr. Vasquez advisory guideline range is 63-78 months imprisonment.

**Paragraph 48:**    Mr. Vasquez objects because he only completed schooling until the eighth grade. After completing eighth grade at the age of fourteen he began working as a fisherman to financially assist his parents and family.

**Paragraph 68:**    Mr. Vasquez objects that there are no additional factors that warrant a downward variance because as a first time offender with no prior criminal record he is distinguishable from other defendants who fall into criminal history category one despite having a previous conviction or convictions that are too old to score.

**Conclusion**

Mr. Vasquez respectfully requests that this Court sustain his objections and conclude that the applicable guideline level is 26 which recommends an advisory imprisonment range of 63-78 months.

Respectfully Submitted,

*S/Juan D. Berrio*
FL Bar No. 0236070

5

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 28, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and as such served a copy on all counsel registered with the Clerk.

By: */S/Juan D. Berrio*
       FL Bar No. 0236070

BERRIO & BERRIO, P.A.
7300 N. Kendall Drive, Suite 520
Miami, FL 33156
Telephone 305-358-0940
Email: jdberrio@hotmail.com

6